IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JAMES MICHAEL AVERY and <br> LYNN AVERY, <br> <br> Plaintiffs, <br> <br> v. <br> COBRA ENTERPRISES OF UTAH, INC.; <br> SOUTHEASTERN GUNS, INC.; et al. <br> <br> <br> Defendants. | CASE NUMBER:_____ |

### DEFENDANT COBRA ENTERPRISES'
### NOTICE OF REMOVAL

Defendant COBRA ENTERPRISES OF UTAH, INC. (hereinafter "Cobra") files this Notice of Removal of the case number CV 2011-902547, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, from the Circuit Court of Jefferson County where the action is now pending to the United States District Court for the Northern District of Alabama, Southern Division, and states the following:

### PROCEDURAL HISTORY

1. Plaintiffs' Complaint was filed in the Circuit Court for Jefferson County, Alabama on July 15, 2011. A copy of the Complaint filed in the state court action is attached hereto as **Exhibit 1**.

2. Defendant COBRA was served with Summons and Complaint on July 21,

2011.

3. The Complaint asserts state law claims for products liability arising out of Plaintiff JAMES AVERY being accidentally shot in the stomach. (Compl. ¶¶ 7-12)

## STATUTORY BASIS FOR JURISDICTION

4. The Circuit Court of Jefferson County, Alabama, the court in which this action is pending, is located within the jurisdiction of the United States District Court for the Northern District of Alabama, Southern Division.  28 U.S.C. § 81(a)(3).

5. Removal of this action is proper under 28 U.S.C. § 1441, *et seq.* As more fully explained below, this Court has original jurisdiction over this matter because it is a civil action between citizens of different states, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

6. This removal is being filed by Defendant COBRA within thirty days of service of process on COBRA.  28 U.S.C. § 1446(b).

I. **The Diversity of Citizenship Requirement is Satisfied**

   A. **Plaintiffs JAMES AVERY and LYNN AVERY are citizens of Alabama.**

7. Plaintiffs JAMES AVERY and LYNN AVERY are residents of Alabama. (Compl. ¶ 1, 2).  Therefore, for diversity purposes, they are deemed citizens of Alabama. 28 U.S.C. § 1332©)(1).

### B. Defendant COBRA is a citizen of Utah.

8. Defendant COBRA is incorporated in Utah, with its principal place of business in Utah. Therefore, for diversity purposes, COBRA is not a citizen of Alabama. 28 U.S.C. § 1332©))(1).

### C. Defendant SOUTHEASTERN GUNS, INC. is fraudulently and improperly joined in order to defeat diversity jurisdiction.

9. Defendant SOUTHEASTERN GUNS, INC. (hereinafter "Southeastern Guns") has its principal place of business in Alabama. Therefore, for purposes of diversity, SOUTHEASTERN GUNS is a citizen of the state of Alabama. 28 U.S.C. § 1332©)(1).

10. Where a defendant is fraudulently joined, that defendant's citizenship must be disregarded by the court. See e.g., Triggs v. John Crump Toyota, Inc., 154 F.3d 1284, 1287 (11th Cir. 1998). A defendant is fraudulently joined when there is no "reasonable basis for predicting" that a state court might impose liability on the resident defendant. Crowe v. Coleman, 113 F.3d 1536, 1542 (11th Cir. 1997).

11. There is no reasonable basis for predicting that the Plaintiffs will prevail against Defendant SOUTHEASTERN GUNS because there is no legal or factual basis for holding SOUTHEASTERN GUNS liable under Alabama law for any claims asserted in the Complaint.

12. Defendant SOUTHEASTERN GUNS sold Plaintiff JAMES AVERY the

gun that Plaintiffs claim caused James Avery's injuries. (Compl. ¶ 6).

13. Plaintiffs' claims against Defendant SOUTHEASTERN GUNS are based on the Alabama Extended Manufacturer's Liability Doctrine (AEMLD), breach of implied warranty, and wantonness.  (Compl. ¶¶ 11, 15)

14. Alabama state law provides that retailers who merely serve as conduits and who are not involved in the design or manufacturing process may not be sued in a "product liability action." Ala. Code §§ 6-5-501(2)(a), 6-5-521(b) (2011).

15. A "product liability action" is defined to include an action brought for personal injury caused by the design or manufacture of a product when the action is based upon negligence, the manufacturer's liability doctrine, the Alabama extended manufacturer's liability doctrine, or breach of any implied warranty.  Ala. Code § 6-5-501(2).

16. This provision of the Alabama Code applies to all products liability actions filed on or after June 9, 2011.  Ala. Code. § 6-5-502.  Plaintiffs filed their complaint on July 15, 2011.  Their claims are therefore subject to the provisions of § 6-5-501 and § 6-5-521.

17. Therefore, Plaintiffs' claims against Defendant SOUTHEASTERN GUNS under AEMLD and for breach of implied warranties are barred.

18. Additionally, to prevail on any cause of action, including AEMLD or

wantonness, Plaintiff would have to prove, among other elements, a causal connection between SOUTHEASTERN GUNS' activities and the allegedly defective condition of the products.  See <u>Casrell v. Altec Industries, Inc.</u>, 335 So.2d 128, 132, 134 (Ala. 1976); <u>Morris v. Merritt Oil Co.</u>, 686 So.2d 1139 (Ala. 1996).  If a retailer simply passes along a sealed case or finished product through the distribution chain, the required causal connection is absent, and the individual has a complete defense, known as the "sealed container" or "no causal connection" defense.  <u>Id.</u> at 132.

19.  Defendant SOUTHEASTERN GUNS was never involved in the design or manufacturing process of the gun at issue.  Plaintiff does not assert that Defendant SOUTHEASTERN GUNS was involved in the design or manufacture of the gun at issue.  Plaintiffs allege no facts against Defendant SOUTHEASTERN GUNS other than that Defendant SOUTHEASTERN GUNS sold the gun at issue.

20.  Plaintiffs allege no facts regarding Defendant SOUTHEASTERN GUNS' conduct, other than the sale itself.  Even if Plaintiffs could establish that the gun at issue was defective and caused their alleged injuries, their claims against SOUTHEASTERN GUNS would fail because SOUTHEASTERN GUNS took no action that caused or contributed in any way to the alleged defect in the gun at issue.  Defendant SOUTHEASTERN GUNS had no

involvement in the design, manufacture, or quality control inspection of the gun at issue. Rather, the gun at issue was sold to Plaintiff as a finished product in a sealed package that was never opened or altered by SOUTHEASTERN GUNS.

21. Moreover, Plaintiffs make no factual allegations regarding the conduct of Defendant SOUTHEASTERN GUNS other than the fact that the SOUTHEASTERN GUNS sold the gun at issue. Instead, Plaintiffs make broad, conclusory statements, stating SOUTHEASTERN GUNS was recklessly indifferent. (Compl ¶ 17). Such allegations are not sufficient to state a factual basis for any claim against SOUTHEASTERN GUNS. See e.g., Lizana v. Guidant Corp., Civ. No. 1:03cv254, slip op. at 5 (S.D. Miss. Jan. 21, 2004) (finding sales representative fraudulently joined , and observing that a "plaintiff wishing to defeat a fraudulent joinder claim must plead specific facts and avoid advancing claims in general terms or make mere allegations for wrongdoing on the part of the non-diverse defendant"); Zellmer v. Merck & Co., Inc., Civ. No. 1:03-CV-2530, slip. op. at 6 (N.D. Ga. Nov. 17, 2003); Lyons v. American Tobacco Co., No. Civ. A. 96-0881-BH-S, 1997 WL809677, at *5 (S.D. Ala. Sept. 30, 1997) (holding that there is "no better admission of fraudulent joinder [of the resident defendant]" than the failure of the plaintiff "to set forth any

specific factual allegations" against the defendant.).

22. Since Defendant SOUTHEASTERN GUNS is not a proper defendant, and was fraudulently joined merely to defeat diversity, the remaining parties are completely diverse. Plaintiffs are residents of the state of Alabama and Defendant COBRA is incorporated in Utah, with its principal place of business in Utah.

**II.   The Amount in Controversy Requirement is Satisfied**

23. The Eleventh Circuit has explained that when a plaintiff fails to allege a specific amount of damages in the complaint, a defendant may use factual allegations "combined with reasonable deductions, reasonable inferences, or other reasonable extrapolations" to prove that the amount in controversy requirement for diversity is met. Pretka v. Kolter City Plaza II, 609 F.3d 744, 754 (11th Cir. 2010).

24. The Alabama district courts have also reasoned that, "[c]ertain injuries are by their nature so substantial as to make it readily apparent that the amount in controversy requirement is satisfied." Sanderson v. Daimler Chrysler Motor Corp., 2007 WL 2988222, * 1 (S.D. Ala. Oct. 9, 2007); see also Roe v. Michelin N. Am., Inc., 637 F.Supp.2d 995, 999 (M.D. Ala. 2009) ("While it would be speculative to specify the exact dollar amount at issue in this case, it is not speculative to conclude from the [allegations] that the amount, whatever it is, far exceeds $75,000.").

25. Although the Plaintiffs do not allege a specific amount in controversy in the state court Complaint, it is apparent from the face of the Complaint that Plaintiffs' claims exceed the $75,000 threshold required by 28 U.S.C. § 1332 for diversity jurisdiction.

    a. Plaintiffs seek damages as a result of Plaintiff JAMES AVERY being accidentally shot in the abdomen. (Compl. ¶ 7).

    b. Plaintiff JAMES AVERY seeks compensatory damages for "multiple major surgeries," "permanent injuries and disfigurement," and "substantial debility" among others. (Compl. ¶ 11).

    c. Plaintiff LYNN AVERY, James Avery's wife, also claims damages for "loss of love, affection, society, comfort, solace, sexual relations, services and consortium of her husband . . . [and] future services of her husband . . . ." (Compl. ¶ 12)

26. The Alabama Code permits a Plaintiff to recover for past, future, and punitive damages. Ala. Code § 6-11-21 (1975).

27. If Plaintiffs were to win their cause of action on liability, their alleged damages, which include multiple major surgeries and permanent disfigurement and debility, as well as loss of future services and loss of consortium, would clearly exceed the $75,000 threshold required for diversity jurisdiction under 28 U.S.C. § 1332.

### III.     All Procedural Requirements for Removal Have Been Satisfied

28. Defendant SOUTHEASTERN GUNS consents to the filing of this Notice of Removal. See Affidavits attached hereto as **Exhibit 2**.

29. A copy of the Complaint and all other documents filed in the state court action as of the time of this filing are attached as **Exhibit 1**.

30. Because this Notice of Removal is filed within thirty days after service of the summons and/or complaint upon Defendant COBRA, it is timely under 28 U.S.C. § 1446(b).

31. Written notice of the filing of this Notice of Removal is being given promptly to Plaintiffs by service hereof.

32. A copy of this Notice of Removal is being promptly filed with the Circuit Court of Jefferson County, Alabama, as required by 28. U.S.C. § 1446(d).

WHEREFORE, Defendant COBRA ENTERPRISES, INC. respectfully requests that this Court assume full jurisdiction over the cause herein as provided by law.

        /s/ James W. Porter, II
James W. Porter II, one of the attorneys
for Defendant, Cobra Enterprises of Utah
State Bar ID ASB 3314 T79J
State Code POR001


OF COUNSEL:
PORTER, PORTER & HASSINGER, P.C.
P.O. Box 128
Birmingham, Alabama  35201-0128
(205) 322-1744
(205) 322-1750 Fax
jwporterii@pphlaw.net


CERTIFICATE OF SERVICE

    I do hereby certify that on **August 16, 2011** a copy of the above and foregoing was served by copy of same using the Ala Court Electronic Filing System.  For any of the service parties listed as not served by the Ala Court Electronic Filing System, I do hereby certify that a copy of the above and foregoing will be served by placing a copy of same in the U.S. Mail with proper postage prepaid by the filer listed below.


S. Shay Samples
Hare, Wynn, Newel & Newton
The Massey Building, Suite 800
2025 Third Avenue North
Birmingham, AL 35243

Raymond L. Pharo
Cicio Professional Building
2153 Fourth Avenue South
Birmingham, AL 35203

        /s/ James W. Porter, II
OF COUNSEL