Case 2:11-cv-02870-WMA   Document 82-6   Filed 01/25/13   Page 1 of 8

FILED
2013 Jan-25 PM 06:59
U.S. DISTRICT COURT
N.D. OF ALABAMA

# Exhibit F

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JAMES MICHAEL AVERY and<br>LYNN AVERY,<br><br>Plaintiffs,<br><br>v.<br><br>COBRA ENTERPRISES OF UTAH, INC.<br><br>    Defendants. | CIVIL ACTION NO.: 11-AR-2870-S |

## DEFENDANT COBRA ENTERPRISES OF UTAH, INC.'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF INTERROGATORIES

Defendant COBRA ENTERPRISES OF UTAH, INC., ("Cobra") responds to plaintiffs' interrogatories as follows:

### GENERAL OBJECTIONS

Defendant Cobra, in addition to specific objections contained in enumerated answers herein, generally objects and incorporates these general objections into each and every enumerated answer as follows:

These discovery requests are vague, indefinite, overly broad, unintelligible, vexatious, seek irrelevant information and are not reasonably calculated to lead to the discovery of admissible evidence. Defendant objects to any requirements, instructions or definitions that plaintiffs seek to impose by his discovery demands that would violate attorney/client or other privileges, the work product rule or any other exemption from discovery.

1

party is qualified to do the work, and whether the third party follows any written procedures provided by Cobra.

ANSWER: Component parts are manufactured by subcontractors. In addition, plating and powder coating processes are performed by outside contractors. All assembly, testing and firing is performed in house.

16. With respect to the gun, state the following:
   a. The address and location of the manufacturing plant it was produced in;
   b. Date the manufacturing of the gun began, and the date the manufacturing of the gun was complete;
   c. Date on which the gun was sold by Cobra;
   d. The cost to manufacture the gun;
   e. The suggested retail price of the gun;
   f. The average number of firearms produced at the manufacturing plant where the gun was manufactured, during the 30 days immediately preceding and immediately following the manufacture of the gun; and
   g. The name of the person most knowledgeable about any of the above responses.

ANSWER: Defendant objects to this interrogatory on the grounds that it is vague and ambiguous. Without waiving or limiting the foregoing objections:
   a. The derringer was produced at: 1960 S. Milestone Drive, Suite F, Salt lake City, Utah.
   b. 4-11-2002

12

    c.     7-29-2002

    d.     Defendant objects to this interrogatory on the grounds that it is overly broad and seeks irrelevant information. Defendant objects on the grounds that this information is not reasonably calculated to lead to the discovery of admissible information. Defendant objects on the grounds that pricing of its products has no rational relationship to any element of the causes of action being advanced in this case. This information is commercially sensitive and dissemination of this information could adversely affect defendant's competitive position relative to the sale of firearms. This interrogatory appears calculated solely to harass and annoy the defendant.

    e.     Defendant objects to this interrogatory on the grounds that it is overly broad and seeks irrelevant information. Defendant objects on the grounds that this information is not reasonably calculated to lead to the discovery of admissible information. Defendant objects on the grounds that pricing of its products has no rational relationship to any element of the causes of action being advanced in this case. This information is commercially sensitive and dissemination of this information could adversely affect defendant's competitive position relative to the sale of firearms. This interrogatory appears calculated solely to harass and annoy the defendant.

    f.     Defendant objects to this interrogatory on the grounds that it is overly broad and seeks irrelevant information. Defendant objects on the grounds that this information is not reasonably calculated to lead to the discovery of admissible information. Defendant objects on the grounds that production figures have no rational relationship to any element of the causes of action being advanced in this case. This information is commercially

sensitive and dissemination of this information could adversely affect defendant's competitive position relative to the sale of firearms. This interrogatory appears calculated solely to harass and annoy the defendant.

  g. Mr. Bill Gentry is most knowledgeable regarding the non-objectionable information requested.

17. Identify the individual or individuals who designed the firing pin safety system on the Cobra Model C32 Derringer.

ANSWER: The safety systems on the subject derringer have been incorporated from existing designs and improved for use in the Cobra derringer.

18. Describe all safety systems or devices featured by the Cobra Model C32 Derringer.

ANSWER: The Cobra derringer design incorporates a positive cross-bolt manual safety. In addition, a full cock and half cock notch is provided. The use of any one or more of the safety features will prevent the derringer from firing. In addition, the manual provided with the derringer instructs the user on how to properly use the subject firearm.

19. Describe any and all tests performed to test the functionality of the safety systems described in Interrogatory Number 17.

ANSWER: Defendant objects to this interrogatory on the grounds that it calls for irrelevant information and is not calculated to lead to the discovery of admissible evidence.

Respectfully submitted,

By: _____

PISCIOTTI, MALSCH & BUCKLEY, P.C.
Jeffrey Malsch (*Pro Hac Vice*)
Anthony M. Pisciotti, Esq. *(Pro Hac Vice)*
30 Columbia Turnpike, Suite 103
Florham Park, New Jersey 07932
(973) 245-8100
(973) 245-8101 (Fax)

and

James W. Porter II,
State Bar ID ASB 3314 T79J
State Code POR001

PORTER, PORTER & HASSINGER, P.C.
P.O. Box 128
Birmingham, Alabama 35201-0128
(205) 322-1744
Fax: (205) 322-1750
jwporterii@pphlaw.net

Attorneys for Defendant,
Cobra Enterprises of Utah, Inc.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 3 day of August, 2012, a true and accurate copy of the above and foregoing was served via Electronic and United States mail, postage prepaid, to the following:

S. Shay Samples, Esq.
Hare, Wynn, Newell & Newton
The Massey Building, Suite 800
2025 Third Avenue North
Birmingham, Al 35203
shay@hwnn.com

Raymond L. Pharo
Cicio Professional Building
2153 Fourth Avenue South
Birmingham, AL 35203
rlpjrl@bellsourth.net

_____
Jeffrey Malsch (Pro Hac Vice)
PISCIOTTI, MALSCH & BUCKLEY, P.C.

I DECLARE THAT THE STATEMENTS ABOVE ARE TRUE TO THE BEST OF MY INFORMATION, KNOWLEDGE AND BELIEF.

Dated: 8-2-12

Cobra Enterprises of Utah, Inc., Defendant